Submitted July 17, 2020, reversed and remanded October 13, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALEJANDRO ALONSO-VASQUEZ,
aka Alejandro Alonso Vasquez,
*Defendant-Appellant.*

Washington County Circuit Court
18CR23449, 17CN01174;
A168910 (Control), A168911

501 P3d 20

Keith R. Raines, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joshua B. Crowther, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and David B. Thompson, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

Defendant appeals a judgment of conviction for unlawful possession of cocaine, ORS 475.884. Defendant argues that the trial court erroneously denied his motion to suppress evidence of that substance that an officer had found in defendant's pocket in the course of an officer-safety search. The state concedes, as it did in the trial court, that the search of defendant's pockets exceeded the lawful scope of an officer-safety search under the circumstances. The state argues, however, that, because officers subsequently found drugs during a lawful search of the vehicle in which defendant had been a passenger, they inevitably would have discovered the contents of defendant's pockets in a search incident to arrest for those drugs. Defendant asserts that the state failed to meet its burden of proving that the challenged evidence did not derive from a preceding illegality. We agree with defendant that the state failed to show that the police would have discovered the evidence through proper and predictable police investigatory procedures, as required under the inevitable-discovery doctrine. Accordingly, we reverse and remand.

"We review the trial court's denial of a suppression motion for legal error and are bound by the trial court's findings of historical facts that are supported by evidence in the record." *State v. Booth*, 272 Or App 192, 193, 355 P3d 181 (2015). In this case, the historical facts are undisputed, and a detailed discussion of those facts or our application of settled law to them would not benefit the bench, bar, or public. We therefore limit our discussion of both, providing facts as necessary in our discussion of the applicable legal principles below.

As noted, the state contends that the trial court did not err in denying defendant's motion to dismiss evidence of cocaine unlawfully found in his pocket, because the police would inevitably have discovered it anyway through other, lawful procedures. We have described the relevant analysis as follows:

> "To satisfy its burden under the inevitable-discovery doctrine, the state [is] required to show by a preponderance of the evidence (1) that certain proper and predictable

investigatory procedures would have been utilized in the instant case, and (2) that those procedures inevitably would have resulted in the discovery of the evidence in question."

*State v. Hensley*, 281 Or App 523, 535, 383 P3d 333 (2016) (internal quotation marks omitted). The state cannot meet that burden by merely showing "that evidence might or could have been otherwise obtained." *Id*. "A conclusion that predictable investigatory procedures would have produced the evidence at issue must be substantiated by factual findings that are fairly supported by the record." *Id*.

        In this case, the trial court appears to have reasoned that, had an officer not immediately searched defendant's pockets as an officer-safety measure and discovered cocaine, the officer would nonetheless have detained defendant long enough for other officers to discover drugs in the car; because that would have given rise to probable cause to arrest defendant, he inevitably would have been arrested and searched incident to that arrest, resulting in the lawful discovery of the challenged evidence. We disagree. Even assuming that (1) the discovery of drugs in the car (including a bindle of cocaine on the floorboard behind the passenger seat where defendant had been sitting), (2) earlier observations of the car making several short stops, and (3) further observations of an unidentified male person getting in and out of the car at those stops, would have given the officers probable cause to arrest defendant, we are not persuaded that the state has met its burden of showing that the discovery of cocaine on defendant's person was inevitable; that is, the state has not shown by a preponderance of the evidence that, had defendant not been subjected to an unlawful search and resulting arrest, the officers at the scene would have engaged in proper and predictable proceedings that would have inevitably led to defendant's lawful arrest and search.

        To support that theory, the state would need to establish that the officers could lawfully detain defendant or that he would otherwise have voluntarily remained near the scene long enough to allow for a search of the car and the discovery of drugs inside. But until that discovery, the police knew little more than that the car had made multiple stops

before being pulled over and that some passenger—who may or may not have been defendant—had briefly gotten out of the car each time.[1] Even when combined with observations that defendant moved around in his seat after the car came to a stop, those circumstances did not support reasonable suspicion to detain defendant for unlawful drug-related activity.

The fact that a passenger has been seen repeatedly getting in and out of a car does not support reasonable suspicion that a person in the car—even when identified as the same passenger—is engaged in drug activity. *See State v. Maciel-Figueroa*, 361 Or 163, 165, 389 P3d 1121 (2017) ("[R]easonable suspicion supporting an investigatory stop of a defendant is met when an officer can point to specific and articulable facts that give rise to a reasonable inference that the defendant committed or was about to commit a specific crime or type of crime."); *State v. Kingsmith*, 256 Or App 762, 769, 302 P3d 471 (2013) ("A police officer's suspicion must be particularized to the individual based on the individual's own conduct."). Similarly, the officer's vague description of the occupants of the car moving about adds little to the reasonable-suspicion inquiry, especially when, as in this case, that behavior is described in connection with the officer's safety concerns rather than suspicion of drug-related activity. As a result, even if some officer present at the scene subjectively suspected defendant of a drug crime before his unlawful search, we are not persuaded that any such suspicion would have been objectively reasonable so as to justify further detaining defendant as the officers searched the stopped car.[2]

---

[1] It is undisputed that the driver was not stopped in connection with that activity, but on the basis of probable cause to arrest her for an unrelated robbery to which defendant had no known or suspected connection. Further, although one officer testified that the driver and defendant had been "followed all day, making short stays, and they're known—known associates with drugs," he did not explain what a "known associate[ ] with drugs" meant, nor did he specify whether defendant individually was a "known associate."

[2] Two officers testified at the suppression hearing, but their relevant testimony focused on whether defendant presented a safety threat rather than whether they suspected him of a drug offense. For purposes of discussion, however, we assume that at least one officer subjectively held that suspicion before the unlawful search took place.

Further, on this record, we are not persuaded that there is any other nonspeculative reason to believe that defendant would either have been lawfully held or voluntarily stayed near the car if the unlawful search of his pockets had not resulted in his arrest. As noted, the state has conceded that any safety concerns regarding defendant did not justify more than an external pat down of his clothing. It follows that any argument that defendant's further detention on officer-safety grounds would have been both proper and inevitable is, at best, speculative. Similarly, any argument that defendant would have voluntarily remained at the scene long enough for officers to find drugs in the car, associate them with defendant, and arrest and search him on that basis, is both speculative and insufficient to render the discovery of cocaine on defendant's person a lawful inevitability. Accordingly, the state has not met its burden of establishing that the discovery of the challenged evidence was not the result of the unlawful search, the trial court erred in denying defendant's motion to suppress, and we reverse and remand for further proceedings.

Reversed and remanded.